UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEANGELO SCOTT and RYAN PRATT,       Plaintiffs,<br><br>     v.<br><br>DISTRICT OF COLUMBIA,<br><br>      Defendant. | Civil Action No. 14-817 (GK) |

## MEMORANDUM OPINION

Plaintiffs DeAngelo Scott and Ryan Pratt ("Plaintiffs") bring this putative class action against the Government of the District of Columbia ("Defendant" or "the District"), alleging violations of the Fourth and Fifth Amendments of the United States Constitution, as well as common-law conversion, in relation to the District's "post and forfeit" procedures.

This matter is before the Court on the Defendant's Motion to Dismiss Complaint [Dkt. No. 19]. Upon consideration of the Motion, Opposition [Dkt. No. 22], Supplemental Opposition [Dkt. No. 23], Reply [Dkt. No. 24], the entire record herein, and for the reasons set forth below, the Motion shall be **granted**.

## I.    Background

### A.    Factual Overview[1]

On April 05, 2008, Mr. Scott and Mr. Pratt, who is Mr. Scott's stepson, were arrested outside their D.C. apartment at approximately 8:00 p.m. Compl. at ¶¶ 15-36 [Dkt. No. 1]. Mr. Scott was charged with possession of an open container of alcohol pursuant to D.C. Code § 25-1001(a)(1), and Mr. Pratt was charged with disorderly conduct pursuant to D.C. Code § 22-1321(1). Compl. at ¶¶ 47, 53.

The District's "post and forfeit" procedure allows persons charged with certain misdemeanors to "post and forfeit an amount as collateral . . . and thereby obtain a full and final resolution of the criminal charge." D.C. Code § 5-335.01. When Mr. Scott and Mr. Pratt arrived at the police station, they were given the option to "post and forfeit" in return for their release that evening. Mr. Scott posted and forfeited $25, and Mr. Pratt posted and forfeited $35. Compl. ¶¶ 52, 58. Neither Mr. Scott nor Mr. Pratt filed a motion to set aside the forfeiture within the 90-day period, as set forth in the statute. D.C. Code § 5-335.01(d)(6).

---

[1] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 15 (D.C. Cir. 2008); Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979). Therefore, the facts set forth herein are taken from Plaintiffs' Complaint [Dkt. No. 1].

### B.   Procedural Background

#### 1.   The Fox Case

On December 15, 2010, Barbara Fox and Hamilton P. Fox, III filed a Complaint comprised of both non-class claims for false arrest and putative class claims challenging the District's "post and forfeit" procedure. See Fox v. District of Columbia, 2010-cv-2118 (D.D.C. 2010) (ABJ) ("Fox") [Dkt. No. 1]. The parties agree that the Fox case, decided by Judge Amy Jackson, tolled the statute of limitations for the Plaintiffs' claims in the present case, but disagree as to when the tolling ceased.

On March 30, 2012, Judge Jackson dismissed all of the class claims in Fox, but permitted the Foxes to amend their complaint to add two new class claims. See Fox v. District of Columbia, 851 F.2d 20 (D.D.C. 2012) ("Fox I"). On February 15, 2013, Judge Jackson dismissed the two new class claims, leaving only the Foxes' individual claims. See Fox v. District of Columbia, 923 F.2d 302 (D.D.C. 2013) ("Fox II").

On April 26, 2013, Mr. Fox[2] filed a motion to direct an entry of final judgment pursuant to Fed. R. Civ. P. 54(b) as to the dismissal of his class "post and forfeit" claims. Fox, Dkt. No. 72.

---

[2] Mrs. Fox was not included in the putative class action claims challenging the "post and forfeit procedure. Her sole claim was against a police sergeant in his individual capacity, which was dismissed on February 20, 2013. See Fox v. District of Columbia, 924 F. Supp. 2d 264, 266 (D.D.C. 2013).

Judge Jackson denied this motion on October 3, 2013. Fox, Dkt. No. 80. On February 28, 2014, Mr. Fox settled his individual claims and final judgment was entered.

### 2.    The Present Case

Plaintiffs filed this Complaint, which was assigned to this Judge, on May 16, 2014. The Complaint alleges violations of the Fourth and Fifth Amendments pursuant to 42 U.S.C. § 1983, as well as common-law conversion. See Compl. at ¶¶ 111-146. The class action claims in the present case are virtually indistinguishable from those that were brought in the Fox case. The Plaintiffs are also represented by one of the same attorneys that represented the plaintiffs in Fox.

On June 12, 2014, before the District of Columbia had filed an appearance in the case (and before Plaintiffs had even filed their Affidavit of Service on the Court's docket), Plaintiffs filed a Motion for Class Certification [Dkt. No. 5]. Prior to this Court's Order on the Motion for Class Certification, the District filed the present Motion to Dismiss ("Def.'s Mot.") on August 29, 2014 [Dkt. No. 19]. On October 3, 2014, this Court denied without prejudice the Motion for Class Certification due to the pending Motion to Dismiss and Plaintiffs' failure to comply with Local Civil Rule 7(m).

In its Motion to Dismiss, the District argues that the case must be dismissed because it is time-barred (Fed. R. Civ.

P. 12(b)(1)) and because none of the six counts state a valid legal
claim (Fed. R. Civ. P. 12(b)(6)). Plaintiffs filed their Opposition
("Pls.' Opp'n") on October 9, 2014 [Dkt. No. 22], and a
Supplemental Opposition ("Pls.' Supp. Opp'n) on October 17, 2014
[Dkt. No. 23]. The District filed its Reply ("Def.'s Reply") on
November 10, 2014 [Dkt. No. 24].

## II.  Legal Standards

### A.  Standard of Review under Fed. R. Civ. P. 12(b)(1)

As courts of limited jurisdiction, federal courts possess
only those powers specifically granted to them by Congress or
directly by the U.S. Constitution. Kokkonen v. Guardian Life Ins.
Co. of Am., 511 U.S. 375, 377 (1994). The plaintiff bears the
burden of establishing by a preponderance of the evidence that the
Court has subject matter jurisdiction to hear the case. See Shuler
v. United States, 531 F.3d 930, 932 (D.C. Cir. 2008). In deciding
whether to grant a motion to dismiss for lack of jurisdiction under
Rule 12(b)(1), the court must "accept all of the factual
allegations in [the] complaint as true[.]" Jerome Stevens
Pharmaceuticals, Inc. v. Food & Drug Admin., 402 F.3d 1249, 1253-54
(D.C. Cir. 2005) (citing United States v. Gaubert, 499 U.S. 315,
327 (1991)) (internal quotation marks omitted). The Court may also
consider matters outside the pleadings, and may rest its decision

on its own resolution of disputed facts. See Herbert v. Nat'l Acad.
of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

**B.    Standard of Review under Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6) for failure
to state a claim upon which relief can be granted, a plaintiff
need only plead "enough facts to state a claim to relief that is
plausible on its face" and to "nudge[ ] [his or her] claims across
the line from conceivable to plausible." Bell Atlantic Corp. v.
Twombly, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated
adequately, it may be supported by showing any set of facts
consistent with the allegations in the complaint." Id. at 563.

Under the Twombly standard, a "court deciding a motion to
dismiss must not make any judgment about the probability of the
plaintiffs' success . . . [,] must assume all the allegations in
the complaint are true (even if doubtful in fact) . . . [, and]
must give the plaintiff the benefit of all reasonable inferences
derived from the facts alleged." Aktieselskabet AF 21. November
2001 v. Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. 2008) (internal
quotation marks and citations omitted). The court does not,
however, accept as true "legal conclusions or inferences that are
unsupported by the facts alleged." Ralls Corp. v. Comm. on Foreign
Inv. in U.S., 758 F.3d 296, 315 (D.C. Cir. 2014) (citation
omitted).    Furthermore, a complaint which "tenders 'naked
assertion[s]' devoid of 'further factual enhancement'" will not

6

suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557) (alteration in Iqbal).

## III. Analysis

### A. Plaintiffs' Claims Are Time-Barred

#### 1. D.C. Statute of Limitations

The parties agree that Plaintiffs' putative class action claims are subject to a three-year statute of limitations. See Carney v. American Univ., 151 F.3d 1090, 1096 (D.C. Cir. 1998) ("The Supreme Court has held that in states with multiple statutes of limitations, claims under section 1983 are governed by the residual or general personal injury statute of limitations (like [D.C. Code] section 12-301(8)) . . . .") (citing Owens v. Okure, 488 U.S. 235, 243-50 (1989)); D.C. Code § 12-301(8) (providing three year limitation for claims not otherwise prescribed).

Plaintiffs' cause of action stems from their arrest and "post and forfeiture," which took place on April 5, 2008. Therefore, the three-year statute of limitations on their claims began running on April 5, 2008.

#### 2. Tolling by Fox

American Pipe and its progeny stand for the proposition that the filing of a class action complaint freezes the statute of limitations for all proposed class members. See American Pipe & Const. Co. v. Utah, 414 U.S. 538, 539 (1974); Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 350 (1983) ("The filing of a

7

class action tolls the statute of limitations 'as to all asserted members of the class.'") (quoting American Pipe, 414 U.S. at 554)

It is undisputed that under the American Pipe doctrine, the filing of the Fox putative class action on December 15, 2010, tolled the statute of limitations for Plaintiffs' claims. At the time of Fox's filing, Plaintiffs had 112 days remaining in their three-year limitations period. Def.'s Mot. at 7. Therefore, once tolling ceased, they had 112 days in which to file their claims. See American Pipe, 414 U.S. at 538 ("Since the class action was filed with 11 days yet to run in the period as tolled . . . , the intervenors had 11 days after entry of the order denying them participation in the class suit in which to move to file their intervention motion.")

Whether Plaintiffs timely filed their case depends on when the Fox case ceased to toll Plaintiffs' claims. American Pipe and the subsequent cases expanding it deal predominately with denials of class certification, which terminated tolling, but do not address the present situation in which all the class claims in a case were dismissed prior to the court reaching a class certification decision.

The question is therefore, when a court never reaches the issue of class certification, when does a putative class action cease to toll the claims of its proposed class members? The Defendant argues that tolling ceased for Plaintiffs' claims when

the last of the class claims in <u>Fox</u> were dismissed. Plaintiffs argue that tolling did not cease until final judgment was entered on Mr. Fox's entire case, including his individual claims. Under Defendant's interpretation, Plaintiffs filed the present lawsuit 342 days after the limitations period ended, while under Plaintiffs' interpretation, their Complaint would be considered timely. <u>See</u> Def.'s Mot. at 7-8; Pls.' Mot. at 34-38.

### 3. Tolling Ended Upon the Dismissal of the Class Claims

The question of whether the dismissal of all class claims in a putative class action terminates tolling for purported class members is a question of first impression for this Court. Indeed, the parties do not identify any courts that have previously addressed this specific issue. For the reasons below, the Court finds that dismissal of all class claims in a suit terminates tolling and causes the limitations period for each absent class member to resume running.

The Seventh Circuit held in <u>Sawyer v. Atlas Heating and Sheet Metal Works, Inc.</u> that "[t]olling lasts from the day a class claim is asserted until the day the suit is conclusively not a class action." 642 F.3d 560, 563 (7th Cir. 2011) (voluntary dismissal of class action terminates tolling). Plaintiffs argue that a case is only "'conclusively not a class action' when class action treatment

has been denied or the case is entirely over." Pls.' Opp'n at 36. Plaintiffs read Sawyer too narrowly.

Allowing tolling to continue for all absent class members through the entire pendency of what had become an individual lawsuit by Mr. Fox--due to the dismissal of all class claims--would not further the objectives and justifications for class action tolling. The American Pipe court found that unless the filing of a class action tolled the statute of limitations, potential class members would be induced to file motions to intervene or separate actions in order to protect themselves against the possibility that certification would be denied. 414 U.S. at 553. It found that not permitting class action tolling would frustrate the principal purposes of the class action procedure--promotion of efficiency and economy of litigation. Id.

The efficiency of the class action mechanism evaporates once the class claims are dismissed, and it becomes necessary for the absent members to pursue their own individual interests. To permit tolling to continue for all absent class members beyond the dismissal of all class claims furthers neither the efficiency nor the economy of litigation. Indeed, such a rule would only serve to draw out litigation, effectively extending the statute of

limitations long past what the Supreme Court envisioned in American Pipe.

In Crown, Cork & Seal, the Supreme Court "signaled that American Pipe tolling extends as far as is justified by the objectively reasonable reliance interests of the absent class members." Bridges v. Dep't of Maryland State Police, 441 F.3d 197, 211 (4th Cir. 2006); 462 U.S. at 353-54. Once all class claims are dismissed from a case, proposed class members are no longer justified in relying on the case to protect their interests, and therefore the rationales underlying class action tolling are no longer applicable.

Plaintiffs' proposed rule--that tolling continue after the dismissal of all class claims--would prejudice defendants and expose them to unreasonably protracted tolling. Courts are required to make a class certification decision "at an early practicable time." Fed. R. Civ. Pro. 23(c)(1)(A). This requirement ensures that the tolling period is limited in scope and protects against "abuse and perpetual tolling" under American Pipe. Bridges, 441 F.3d at 212. Plaintiffs' rule would have the opposite effect, all but ensuring perpetual tolling.

Such a rule would also create the undesirable result that a plaintiff need only plead a class claim in order to toll claims for countless absent class members throughout the course of the plaintiff's entire individual litigation--even class claims that

were quickly dismissed as non-meritorious would still suffice to attach tolling to the entire life of the plaintiff's individual case. Such a rule would be inconsistent with the rationales of American Pipe and the reasonable reliance interests of absent class members.

Plaintiffs put forward several arguments for why a case cannot be considered "conclusively" not a class action even when all class claims have been dismissed. Plaintiffs' first argument for why tolling continued until the final resolution of the Fox case is that the order dismissing the class claims in Fox was merely interlocutory. Pls.' Opp'n at 38. They argue that because the class claims "could have been resurrected at any time," the case could not be considered "conclusively not a class action." Id.

This argument is unpersuasive for the very simple reason that orders denying class certification are also interlocutory, and yet the Supreme Court has repeatedly held that class certification denials cause tolling to cease. See American Pipe, 414 U.S. at 552-53; Crown, Cork & Seal, 462 U.S. at 345. The fact that an order is interlocutory does not mean that a case cannot conclusively be "not a class action."

Next, Plaintiffs argue that the District could have avoided the present class action by litigating the class certification motion in Fox prior to moving to dismiss the claims. Pls.' Opp'n at 40. This is an impractical solution. Requiring defendants to

litigate class certification prior to moving to dismiss meritless claims, or else run the risk of facing perpetual tolling, does not make sense. It would force defendants to waste time and resources litigating the validity of a class, even if the underlying claims are baseless.

Plaintiffs' next argument is that "tolling continues through the date of the decision on an appeal if an appeal reverses a dismissal where there has been no final adverse determination of class claims." Pls.' Opp'n at 41. Plaintiff argues that it logically follows that tolling has to extend until the end of the case before it can extend to the end of the appeal. Id. The cases Plaintiffs cite provide very little support for this argument, however. If class action allegations were explicitly reinstated, tolling might be made retroactive. But it does not necessarily follow that tolling must continue through the end of a case, particularly where no appeal has been taken.

Plaintiffs' final argument relies on the "forfeiture rule," as discussed in Wachovia Bank & Trust Co. v. Nat'l Student Mktg. Corp. 461 F. Supp. 999, 1012 (D.D.C. 1978), rev'd on other grounds, 650 F.2d 342 (D.C. Cir. 1980)). The contours of the "forfeiture rule" are not well-defined, but suggest that an individual who pursues a separate lawsuit while a class action is pending may forfeit the benefits of the class action. In Wachovia, the court found that plaintiffs who had filed a separate, individual action

while class certification was pending, and later opted out of the class, had forfeited the benefits of the class, including tolling. The court reasoned that to permit plaintiffs to benefit from class action tolling in order to file otherwise time-barred suits would "sanction duplicative suits and violate the policies behind American Pipe." Id. at 1013.

Plaintiffs attempt to show that the "forfeiture rule" conflicts with a holding that tolling ceased upon dismissal of the class claims. This is not the case. Once the class claims in Fox were dismissed, the case ceased to be a class action. At that point, the Plaintiffs in this case were at no risk of forfeiting anything upon filing their individual case. Contrary to Plaintiffs' argument, the policy rationales of efficiency and avoiding duplicative suits are not burdened by the Court's holding.

Plaintiffs caution that the Court's holding today "would have required Mr. Scott and Mr. Pratt and other absent class members to file their own suits while Mr. Fox's suit was still pending," thereby discouraging efficiency and sanctioning duplicative suits. Pls.' Opp'n at 42. Yet this is precisely the point. Once the Foxes' case was no longer a class action, the case no longer represented class interests, and Mr. Scott, Mr. Pratt, and absent class members were required to pursue their own individual remedies.

For the foregoing reasons, the Court holds that a case is "conclusively not a class action" once all class claims have been

dismissed. The Fox case, when filed, included individual claims relating to Mr. Fox's alleged wrongful arrest and class claims challenging the "post and forfeit" process. On March 30, 2012, Judge Jackson dismissed the "post and forfeit" claims. On February 15, 2013, Judge Jackson declined to reconsider the dismissal and dismissed the two remaining post and forfeit claims. This left only Mr. and Mrs. Fox's individual claims. It was at that point that the case was "conclusively not a class action." Sawyer, 642 F.3d at 563.

On February 16, 2013, the 112 days remaining in Plaintiffs' statute of limitations period began to run again.[3] The limitations period expired on June 8, 2013, 342 days before Plaintiffs filed the present lawsuit. Def.'s Mot. at 8. Therefore, Plaintiffs' Complaint was not timely filed and this Court lacks subject matter jurisdiction to hear the case.

---

[3] In their Supplemental Opposition, Plaintiffs note that tolling of their conversion claim is governed by 28 U.S.C. § 1367(d), in addition to American Pipe. Section 1367(d) provides that "[t]he period of limitations for any [related state law] claim asserted . . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." Even with the additional 30 days, Plaintiffs' conversion claim was filed 312 days late and is time-barred.

**B.    Failure to State a Claim**

Having found Plaintiffs' Complaint to be untimely, the Court need not reach Defendant's contention that Plaintiffs have failed to state a claim.

**IV.   Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss Complaint shall be **granted.** An Order shall accompany this Memorandum Opinion.

April 9, 2015

Gladys Kessler
United States District Judge

**Copies to:** attorneys on record via ECF